O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

WILLIAM ALEXANDER LOPEZ,

                Petitioner,

       v.

PEOPLE, *et al.*,

                Respondent.

Case No. ED CV 16-1705 PSG (JCG)

**ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE**

On August 5, 2016, the Court received a "Motion for Status Report" ("Motion") from William Alexander Lopez ("Petitioner"), a California prisoner proceeding *pro se*. [Dkt. No. 1.]  Therein, Petitioner requests a status update on a habeas petition he evidently filed in state court.  [*See id.* at 1.]  Notably, he does not reference any pending federal habeas petition.  [*See id*.]  For the reasons discussed below, the Court will dismiss this action, without prejudice, for lack of jurisdiction.

As a general matter, the exercise of federal jurisdiction under Article III of the Constitution depends on the existence of a case or controversy.  *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.,* 508 U.S. 439, 446 (1993).  In a state prisoner's federal habeas action, the underlying "controversy" is whether the petitioner is "in

1 custody in violation of the Constitution or laws or treaties of the United States."
2 *Calderon v. Ashmus*, 523 U.S. 740, 746 (1998); 28 U.S.C. § 2254(a).  As such, a
3 federal court lacks jurisdiction to consider petition-related requests unless a federal
4 habeas petition challenging a conviction or sentence is actually filed and pending.  *See*
5 *Casaburi v. Warden*, 2013 WL 3367275, at *1 (C.D. Cal. July 3, 2013) (finding that
6 the court was "without jurisdiction" to consider petitioner's request because no
7 pending federal habeas petition had been filed); *Jackson v. Flinn*, 2009 WL 1530675,
8 at *1 (N.D. Cal. May 28, 2009) (denying plaintiff's requests and dismissing entire
9 action for lack of subject matter jurisdiction because "no federal habeas petition is
10 pending before the Court.")

11 Here, Petitioner has not filed a federal habeas petition that is currently pending
12 before the Court.  Accordingly, the Court lacks jurisdiction to consider Petitioner's
13 Motion.  *See id.*

14 Additionally, for the reasons stated above, the Court finds that Petitioner has not
15 shown that reasonable jurists would find it debatable whether this Court was correct in
16 its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  The Court
17 thus declines to issue a Certificate of Appealability.

18 For the foregoing reasons, **IT IS ORDERED** that:

19 1.      This action be **SUMMARILY DISMISSED WITHOUT PRJEUDICE**.

20 2.      A Certificate of Appealability be **DENIED**.

21 **LET JUDGMENT BE ENTERED ACCORDINGLY.**

24 DATED:   9/2/16

25 HON. PHILIP S. GUTIERREZ
26 UNITED STATES DISTRICT JUDGE